NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SANFORD JUNIOUS, JR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-2053

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-1395, Judge Joseph L. Toth.

---

Decided: November 3, 2021

---

SANFORD JUNIOUS, JR., Houston, TX, pro se.

ANN MOTTO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRYAN BOYNTON, CLAUDIA BURKE, MARTIN F. HOCKEY, JR.

---

Before LOURIE, DYK, and REYNA, *Circuit Judges*.

PER CURIAM.

Sanford Junious Jr. appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed a decision of the Board of Veterans' Appeals ("Board") denying service connection for back and knee disabilities. We *dismiss.*

## BACKGROUND

Mr. Junious served on active duty in the United States Army from 1952 to 1954. In August 2014, he filed an application for service connection for his back and knee disabilities, asserting that he suffered back and knee injuries during combat. Apparently, Mr. Junious did not submit any evidence in support of the claim other than his lay statements. When the VA attempted to obtain Mr. Junious's service treatment records ("STRs"), the National Personnel Records Center ("NPRC") in St. Louis reported that any STRs that may have existed would have been destroyed in a 1973 fire at the facility. Following the VA's receipt of the NPRC's notice, the VA informed Mr. Junious in April and May of 2015 that it could not locate his STRs, and requested that Mr. Junious submit any alternative records or copies of records in his possession. Mr. Junious did not respond to these inquiries. As a result, in August 2015, the RO denied service connection for both disabilities because "no service treatment records were available for review." S.A. 15, 18.

Mr. Junious appealed the RO's decision to the Board. He testified at a Board hearing that he injured his back and knees during combat and "developed a bilateral knee disability and back disability in service that has continued ever since." S.A. 29. Given that the 1973 fire may have destroyed any relevant STRs, the Board concluded that the VA had a "heightened obligation" to help Mr. Junious develop his claims. *Id.* The Board remanded for a VA examination to determine whether he suffered from the claimed

disabilities, and whether it was at least as likely as not that the disabilities were service connected.

Following the remand, in November 2019, Mr. Junious underwent a VA medical examination. The reviewing physician concluded that it was less likely than not that Mr. Junious's claimed conditions were service connected. The physician noted that Mr. Junious reported "repetitive use" of his back and knees during active duty but "no specific injuries." S.A. 36. She further noted that when Mr. Junious sought treatment for the disabilities in 2015, the claimed conditions were "part of the normal aging process" which is a "major contributing factor to arthritis in the joints of the back and knees." *Id.*

In February 2020, the Board denied both claims. It noted his chronic diseases, such as arthritis, raised a rebuttable presumption of service connection if they "manifest to a degree of 10 percent or more" within one year of "the date of separation from service." 38 C.F.R. §§ 3.307(a)(3), 3.309(a). Manifestation may be proved by "medical evidence, competent lay evidence or both," but may also be rebutted by "competent" evidence that the "time of existence or inception" of the condition fell outside of the one-year period. § 3.307(b), (d)(1). The Board considered Mr. Junious's lay testimony regarding his disabilities and credited his testimony of in-service injuries, but found that his statements that he experienced back and knee pain "ever since service" lacked credibility given the absence of evidence that he had ever reported back and knee pain in his nearly 60 years post-discharge, and given that he waited 60 years to file a claim for service connection. S.A. 6. It also concluded that the "most probative evidence of record," the VA medical examination, refuted the presumption of service connection. S.A. 7.

On appeal, the Veterans Court affirmed the Board's decision, finding that the 2019 medical examination provided

a plausible basis to conclude that Mr. Junious's disabilities were not service related.  Mr. Junious appeals to this court.

### DISCUSSION

Our jurisdiction to review Veterans Court decisions is limited.  *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).  We have jurisdiction to "decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision."  38 U.S.C. § 7292(c).  We cannot, however, review appeals challenging factual determinations or the application of a law or regulation to the facts, unless the appeal presents a constitutional issue.  § 7292(d)(2); *Saunders v. Wilkie*, 886 F.3d 1356, 1360 (Fed. Cir. 2018).

Here, Mr. Junious appealed only the denial of service connection for his back and knee injuries.  Under established law, Mr. Junious was required to establish a nexus between his claimed disabilities and his service.  The Veterans Court concluded on the facts in this case that Mr. Junious had not established service connection.  We lack jurisdiction to review such a determination.

To the extent that Mr. Junious argues that he has "new doctors who will send in their reports," Appellant's Inf. Br. 2, this decision does not foreclose him from seeking to reopen his claim based on new and relevant evidence, 38 U.S.C. § 5108; 38 C.F.R. § 3.156.

We therefore dismiss Mr. Junious's appeal for lack of jurisdiction.

### DISMISSED

No costs.